IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE COE,

   Plaintiff,

-vs-                              Case No.:

EOS CCA aka COLLECTO, INC., dba
COLLECTION COMPANY OF AMERICA,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, YVONNE COE sues the Defendant, EOS CCA aka COLLECTO, INC., dba COLLECTION COMPANY OF AMERICA, and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1.    Plaintiff YVONNE COE ("COE") brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3.    The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.     Plaintiff is and was at all material times a natural person over the age of eighteen (18), who resides in Pinellas County, Florida.

5.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number, (###) ###-4962, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934 (11th Cir.2014).

7.     At all times material hereto, Defendant, EOS CCA aka COLLECTO, INC., dba COLLECTION COMPANY OF AMERICA (hereafter "EOS"), was and is a corporation engaged in the business of collecting consumer debts within the State of Florida, with its principal place of business at 700 Longwater Drive, Norwell, MA 02061.

8.     Defendant operated at all material times as a third-party debt collector, in which capacity it attempts to collect consumer debts allegedly owed to another from consumers located in the state of Florida, and solicits consumer debt accounts for collection from creditors who have a business presence in this state.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     At all times material hereto, Defendant EOS sought to collect an alleged debt from Plaintiff that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes, and 15 U.S.C. § 1692a(5).

2

11.     In or about December of 2014, Defendant EOS began initiating automated telephone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect the above described alleged debt.

12.     Upon answering several of these calls, Plaintiff unambiguously instructed Defendant's representatives that she did not want to receive calls from the Defendant, and to cease placing calls to her aforementioned cellular telephone.

13.     Despite Plaintiff's unambiguous instructions to cease calling, Defendant continued undeterred in placing numerous autodialed calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's demand that the calls stop.

14.     Defendant EOS intentionally harassed and abused the Plaintiff on numerous occasions, by and through its agents and representatives, including but not limited to calling Plaintiff as many as four (4) times in a single day, including multiple calls on Christmas Eve, and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff. In many instances, Defendant would place two (2) or more calls within minutes after the termination of the prior call.

15.     To date, Plaintiff, COE has received approximately seventy-five (75) calls on her aforementioned cellular telephone number from Defendant EOS.

16.     Despite Plaintiff demanding that Defendant EOS cease placing calls to her aforementioned cellular telephone number, Defendant EOS, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, FDCPA and FCCPA, as described herein.

17.     The telephone calls at issue were placed by Defendant EOS using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity

3

to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

18.    Defendant's use of an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an ATDS.

19.    Defendant EOS initiated each of the calls at issue to Plaintiff, COE's aforementioned cellular telephone number without the "prior express consent" of Plaintiff, EOS as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20.    Alternatively, Defendant EOS initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

21.    Additionally, none of the telephone calls at issue were placed by Defendant EOS to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

22.    Defendant EOS consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

23.    Defendant EOS has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

24.     Defendant EOS willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25.     Despite actual knowledge of its wrongdoing, Defendant EOS continued the campaign of harassment and abuse.

26.     Defendant EOS's corporate policy is structured to continue to call individuals like the Plaintiff despite these individuals' requests that EOS cease calling.

27.     Defendant EOS's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

28.     Defendant EOS followed its corporate policies when attempting to communicate with Plaintiff in an effort to collect the alleged debt at issue.

29.     Defendant EOS has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

30.     Defendant EOS has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

31.     As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

32.     Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, and 15 U.S.C. § 1692k have continued and are continuing as of the filing of this complaint.

33.     All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I - VIOLATION OF THE TCPA

34.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein.

35.     None of the calls at issue were placed by Defendant EOS to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

36.     Alternatively, Plaintiff revoked any "prior express consent" Defendant EOS had or mistakenly believed it had by instructing Defendant on numerous occasions to cease placing calls to her aforementioned cellular telephone number.

37.     Additionally, none of the calls at issue were placed by Defendant EOS to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

38.     Defendant EOS willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an ATDS and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and/or after Plaintiff instructed Defendant EOS to cease placing calls to her cellular telephone number, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

39.     The TCPA provides Plaintiff with a private right of action against Defendant EOS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant EOS for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II - VIOLATION OF THE FCCPA

40.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein.

41.     At all times material to this action Defendant EOS was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

42.     Defendant EOS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

43.     Defendant EOS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

44.     Defendant EOS engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

45.     The actions of Defendant EOS have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation, and loss of the capacity for the enjoyment of life; and attorneys' fees, interest, and costs.

WHEREFORE, Plaintiff COE respectfully demands judgment against Defendant EOS for

statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT III - VIOLATION OF THE FDCPA

46.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (33), as if fully set forth herein.

47.    Plaintiff has been the object of collection activity by Defendant EOS arising from an alleged consumer debt.

48.    Defendant EOS is a "debt collector" as defined by the FDCPA.

49.    Defendant EOS engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

50.    Defendant EOS engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

51.    Defendant EOS engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity

52.    Defendant EOS engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector, and by leaving prerecorded messages that failed to disclose that the communication was from a debt collector.

53.    Defendant EOS's acts and omissions as described herein have directly and

proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by 15 U.S.C. § 1692 including, but not limited to: statutory damages, actual damages, attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant EOS for statutory damages, actual damages, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Michelle@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff